On IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD BURKETT, on behalf of
himself and those similarly situated,

    Plaintiff,                                                               Case No.

v.

HICKORY FOODS, INC., a Florida
for Profit Corporation,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RONALD BURKETT ("Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, files this Complaint against Defendant, **HICKORY FOODS, INC.**, a Florida for Profit Corporation, (hereinafter referred to as "Defendant"), and states as follows:

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendant, and was paid an hourly wage for the first 40 hours worked.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the Middle District of Florida because Defendant's principal place of business is in this District.

7. Further, a substantial part of the events or omissions giving rise to this claim occurred in the Middle District of Florida.

## THE PARTIES

8. Plaintiff Ronald Burkett, a natural person, is, and at all times relevant hereto was, a citizen of the State of Georgia, residing in the county of Ware.

9. Defendant, Hickory Foods, Inc. is a Florida Profit Corporation, with its principal place of business located in Jacksonville, Florida.

## FLSA COVERAGE

10. At all times material hereto, Plaintiff regularly performed duties for Defendants within the State of Florida and within this judicial district.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

13. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendant was, and continues to be, an "enterprise

2

engaged in commerce" within the meaning of the FLSA by virtue of its manufacturing and wholesale distribution of meat for retail grocery customers throughout the United States.

15. At all times material to this action, Defendant had two (2) or more employees handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendant's commercial activity of running a meat manufacturing and wholesale distribution company.

16. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum at all times relevant hereto.

17. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendant's commercial activity of running a meat manufacturing and wholesale distribution company.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

19. At all times material hereto, Defendant was an enterprise covered by the FLSA.

## FACTUAL ALLEGATIONS

20. On approximately January 26, 2010, Defendant hired Mr. Burkett to work as a non-exempt machine technician.

21. At all times material hereto, Mr. Burkett worked for Defendant welding, building, rebuilding, troubleshooting, and repairing meat manufacturing equipment at Defendant's Jacksonville, Florida and Waycross, Georgia plants.

22. From at least January 26, 2010 and continuing through July 2, 2018, Defendant failed to compensate Mr. Burkett at a rate of one and one-half times his regular rate of pay for all

hours worked in excess of forty (40) hours in a single work week.

23. Mr. Burkett should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week, as required by the FLSA.

24. Defendant has violated Title 29 U.S.C. § 207 from January 26, 2010 and continuing through July 2, 2018, in that:

    a. Mr. Burkett worked in excess of forty (40) hours during most weeks for the period of his employment with Defendant;

    b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Mr. Burkett at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff and the class members were all non-exempt "machine technicians" and performed the same or similar job duties as one another in that they worked for Defendant welding, building, rebuilding, troubleshooting, and repairing meat manufacturing equipment at Defendant's Jacksonville, Florida and/or Waycross, Georgia plants.

26. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all classified as exempt from overtime and paid straight time for all hours worked.

27. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

28. Defendant's failure to properly compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "machine technicians" are/were paid for overtime hours worked based on the Defendant's erroneous misclassification of its "machine technician" employees as exempt from overtime.

29. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "machine technicians" who worked for Defendant within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

30. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

31. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

32. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more work weeks without

compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

33. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

34. Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

35. Plaintiff realleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

36. From at least January 26, 2010 and continuing through July 2, 2018 Plaintiff worked in excess of forty (40) hours per work week.

37. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

38. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours that he worked in excess of forty (40) hours.

39. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

40. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for his hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

41. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week while employed by Defendant;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendant failed to keep accurate time records; Defendant has a legal duty to pay Plaintiff overtime wages pursuant to the FLSA; Defendant failed to prove a good faith defense; and Plaintiff is

       entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

DATED this <u>13th</u> day of May, 2019.

                Respectfully submitted:

                ***/s/ Andrew R. Frisch***
                Andrew R. Frisch, Esq.
                Morgan & Morgan, P. A.
                600 N. Pine Island Road, Suite 400
                Plantation, FL 33324
                T: (954) WORKERS; F: (954) 327-3016
                Email: afrisch@forthepeople.com

                *Counsel for Plaintiff*